IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
02 JUN -7 PM 1:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

THE HEALTH CARE AUTHORITY
OF LAUDERDALE COUNTY AND THE
CITY OF FLORENCE, ALABAMA, d/b/a
COFFEE HEALTH GROUP,

    PLAINTIFF,

vs.                                             CASE NO. CV 02-J-754-NW

HEALTHCARE CORPORATION, et al.,

    DEFENDANTS.

ENTERED
JUN 7 2002

## MEMORANDUM OPINION

    This case is before the court on the following motions: Plaintiff's motion for declaration that its claims against defendant Galen Medical Corporation are not subject to arbitration (doc. 19) (filed May 17, 2002); plaintiff's motion for expedited hearing on its motion for declaration that its claims against defendant Galen Medical Corporation are not subject to arbitration (doc. 20); defendants' motion to dismiss Florence Hospital, Inc., Northwest Medical Center, Inc., and Medical Center Shoals, Inc. (doc. 21); defendants' motion to strike (doc. 22); and defendants' motion to dismiss Galen Medical Corporation or, in the alternative, renewed motion to stay (doc. 23) (all filed May 22, 2002).

    Pending before this court is the question of its subject matter jurisdiction, based on 28 U.S.C. § 1332. Before reaching that question, the court notes the

defendant HCA, Inc. previously obtained an Order for a stay of these proceedings against it.  HCA, Inc. now argues to this court that it lacks jurisdiction and must remand the case to state court.  This court questions the propriety of entering orders affecting a party against whom the case has been stayed.  As such, the court **ORDERS** that the stay, entered on May 9, 2002 (doc. 18), be and hereby is **LIFTED**.

Factual Background

On February 26, 2002, the Health Care Authority of Lauderdale County and the City of Florence, Alabama, d/b/a Coffee Health Group filed a complaint in the Circuit Court for Lauderdale County, Alabama, against HCA, Inc., Galen Medical Corp. ("Galen"), Florence Hospital Inc., Medical Center Shoals Inc., Northwest Medical Center Inc., and fictitious parties.  All defendants are foreign corporations except Galen which is an Alabama corporation.

The case was removed to federal court by defendants on March 25, 2002. The Notice of Removal alleged that defendant Galen was fraudulently joined by the plaintiff in an attempt to destroy diversity jurisdiction.  Notice of Removal, ¶ 7.  Plaintiff has not filed a motion to remand this case to state court.

On February 27, 2002, HCA, Inc. filed a demand for arbitration with the American Arbitration Association and on March 7, 2002, filed a suit in the United

States District Court for the Northern District of Georgia, seeking to compel plaintiff to arbitrate its claims against HCA, Inc.

Defendant HCA, Inc. argued to this court that its Georgia federal law suit was required pursuant to ¶4 of the Federal Arbitration Act and Arbitration Provision ¶12.3(b) of the Asset Purchase Agreement (doc. 24). *See* Transcript of May 30, 2002 hearing, at 30.

> Section 4 of the Federal Arbitration Act provides as follows:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.
>
> Section 12.3(b) of the Asset Purchase Agreement provides as follows:
>
> Except as specifically provided for in paragraph (c) below and elsewhere in this Agreement, all claims and controversies arising out of or in connection with this Agreement shall be subject to binding arbitration by a single arbitrator in accordance with the commercial arbitration rules of the American Arbitration Association ("AAA") or the existing Rules of Practice and Procedures of the Judicial Arbitration and Mediation Services, Inc. ("JAMS"). Any arbitration

shall occur in Atlanta, Georgia, and any judgment on the award rendered in such arbitration shall be entered in any state or federal court having jurisdiction. The party filing the arbitration shall have the right to select either AAA or JAMS. The prevailing party in any arbitration proceeding hereunder as determined by the arbitrator or in any legal proceedings or actions arising from or in connection with this Agreement shall be entitled to recover reasonable attorneys' fees and costs. Nothing herein shall prohibit a party from seeking equitable relief in a court of law to maintain the status quo while an arbitration is pending hereunder. The parties agree that the arbitrator shall not have the right to award punitive damages.

HCA, Inc. did not join Galen as a party plaintiff in the Georgia action seeking to compel arbitration because Galen's participation in said action would have destroyed jurisdiction in the U.S. District Court for the Northern District of Georgia as there would have been no diversity. *See* Memorandum and Order filed May 30, 2002 in the Chancery Court for the State of Tennessee, 20th Judicial District, Davidson Co., at 2.

On April 1, 2002, defendant HCA, Inc. filed a motion to stay the proceedings in this court (doc. 2) in an attempt to obtain a decision from the U.S. District Court for the Northern District of Georgia on the arbitration issue. Said motion was set for hearing in this court on April 24, 2002 (doc. 5).

At said hearing, HCA, Inc. presented this court with an Order from the U.S. District Court for the Northern District of Georgia, Hon. Willis B. Hunt, which ordered arbitration of Coffee Health Group's claims against HCA, Inc., but not

against Galen.[1] The attorneys for Coffee Health Group read Judge Hunt's order for the first time at this court's April 24, 2002 hearing. *See* Transcript of motion hearing of April 24, 2002, at 9 and 10.

On April 24, 2002, this court allowed Coffee Health Group an additional seven days to respond to defendant HCA, Inc.'s motion and defendant HCA, Inc. an additional seven days thereafter to reply to plaintiff's response (doc. 9). Prior to expiration of said fourteen day period, namely, on May 3, 2002, defendants HCA, Inc. and Galen filed a law suit in the Chancery Court for the State of Tennessee, 20th Judicial District, Davidson County, Part III, requesting the Tennessee court order that Coffee Health Group must arbitrate all of its claims against HCA, Inc., Galen and any other related entity or person arising out of or in connection with the Asset Purchase Agreement. *See* Memorandum and Order filed May 30, 2002 in the Chancery Court for the State of Tennessee, 20th Judicial District, Davidson County, at 3, filed by Ellen Hobbs Lyle, Chancellor. In said proceeding, Galen asserted that the Tennessee state court had jurisdiction of Galen, HCA, Inc. and Coffee Health Group; that Galen was a proper party to compel arbitration; and that the text of the arbitration provision of the Asset

---

[1] Judge Hunt's Order states simply that "HCA's motion to compel arbitration is GRANTED." Order dated April 22, 2002, at 14.

Purchase Agreement and strong federal policy in favor of arbitration required Coffee Health Group to arbitrate. *Id.*

In said Memorandum and Order, Judge Lyle stated:

> Apparently the reason Galen seeks an order from this Court is contained in a footnote in its papers that the Georgia court's order (as compared to its judgment) suggests that the Georgia court does not yet agree with the position of HCA and Galen that the Georgia federal court does not need jurisdiction over Galen to order Coffee Health Group to arbitrate all of its claims against Galen. Galen contends that this court should rule on the motion to compel arbitration "given the uncertainty" created by the Georgia Federal Court.

On May 8, 2002, plaintiff filed an amended complaint in this court asserting RICO claims against defendants (doc. 16).

On May 9, 2002, this court granted defendant HCA, Inc.'s motion to stay, but denied the motion with respect to defendant Galen (doc. 18).[2] At no time prior to May 9, 2002, did any party contest this court's jurisdiction, although the hearing transcript from the hearing held April 24, 2002, reflects that the plaintiff Coffee Health Group maintains it has a viable claim against defendant Galen. *See* Transcript, pages 23, 27 and 28.

---

[2] After Coffee Health Group filed its Supplemental Response Pursuant to Court Order of April 24, 2002 (doc. 15) indicating that it was going to appeal Judge Hunt's Order, the defendant HCA, Inc. filed a Notice of Filing and attached a true and correct copy of Judge Hunt's Order in the Georgia case (doc. 11), and a Notice of Filing of its Response to Coffee Health Group's motion to alter judgment in Georgia Federal Court (doc. 14). On May 9, 2002, this court erroneously understood those filings as defendant HCA, Inc.'s response to the court order of April 24, 2002, as it dealt with the appealability of the Georgia court's Order.

After this court's decision on May 9, 2002, Coffee Health Group filed a motion for declaration that its claims against Galen are not subject to arbitration (doc. 19) and a motion for expedited hearing on said claim (doc. 20).

On May 22, 2002, for the first time in these proceedings, defendants filed a motion to dismiss Galen or remand the entire case based on this court's lack of subject matter jurisdiction, as well as a motion to stay, in light of the cases pending in Georgia and Tennessee regarding the arbitration of Coffee Health Group's claims against Galen (doc. 23).[3] At no time prior to May 22, 2002, had defendant HCA, Inc. filed a motion to dismiss Galen as a fraudulently joined party (even though defendant Galen was a party when the case was removed to federal court). Nor has defendant Galen or HCA, Inc. on behalf of Galen ever filed a motion to compel arbitration of plaintiff's claims against Galen in this court, although defendants HCA, Inc. and Galen have thought enough of plaintiff's claims against Galen to seek arbitration of those claims in Tennessee state court.

By agreement of the parties, a hearing was held on the various motions pending before this court on May 30, 2002. At said hearing, the court was presented with the Memorandum and Order of the Tennessee Chancery Court filed on May 30, 2002 at 10:00 a.m. in that court, by which order the Tennessee Chancellor, Ellen Hobbs Lyle, declined to rule in the matter of arbitrability of

---

[3]Counsel for HCA, Inc. also represents Galen. Transcript of May 30, 2002 hearing, at 30.

7

Coffee Health Group's claims against defendant Galen arising out of the Asset Purchase Agreement. *See* Memorandum and Order at 6.

At said hearing, defendants clarified that Galen is a wholly owned subsidiary of HCA, Inc., and that Galen owned Florence Corporation, Shoals Corporation and Northwest Corporation before the sale in question.[4] Transcript of May 30, 2002 hearing, at 5. HCA, Inc. and Galen repeated their request for remand, stating that if this court found that the defendant Galen was not fraudulently joined, this court lacks jurisdiction as there is not complete diversity between the parties. The parties agreed at the hearing that this court must decide if it has jurisdiction.[5]

## Legal Analysis

This court first considers whether the defendant Galen was fraudulently joined. If not, this court lacks diversity jurisdiction. In its Notice of Removal, defendant HCA, Inc. argues that the plaintiff does not state a claim against Galen.

---

[4] Defendants also chose this hearing to raise their belief that plaintiff's counsel has a conflict of interest in representing the plaintiff. Thus, defendant asked, on behalf of HCA, Inc. and its affiliates, that they be allowed to proceed with the hearing without waiving their right to request that plaintiff's counsel and his firm withdraw from this tangle of litigation. Transcript of May 30, 2002 hearing, at 5-6. Plaintiff's counsel opined such issue was raised for strategic reasons and had nothing to do with an actual conflict. *See id.* at 13-14.

[5] The court agreed to consider the issue of <u>when</u> the court must look at whether or not it has subject matter jurisdiction, and if the court found it had to examine the pleadings at the time of removal, the court agreed to allow the parties to engage in limited discovery on the issue of whether Galen was fraudulently joined. For the reasons set forth below, the court finds that such limited discovery is unnecessary as defendants, by their own actions, have conceded that the plaintiff states a cause of action against Galen. *Infra*, at 9.

Notice of Removal, ¶ 8. When there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant, joinder has been deemed fraudulent. *See e.g., Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). When this type of fraudulent joinder is alleged:

> If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Coker,* 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287-1289 (11th Cir.1998).

This court finds that, by the defendants' own actions, namely filing the litigation in Tennessee, defendants have conceded that the plaintiff states a cause of action against Galen, which defendants seek to force the plaintiff to arbitrate.[6]

The plaintiff asserts that, along with HCA, Inc., defendant Galen fraudulently induced plaintiff to overpay for the North Alabama Assets and suppressed numerous facts concerning the true profitability of the North Alabama Assets. Complaint, ¶¶ 69-73. Additionally, plaintiff asserts that defendant Galen

---

[6]The court recognizes that defendants could not request this court to force plaintiff to arbitrate its claims against Galen as this, of course, would mean this court's case was removed from state court in bad faith.

9

conspired with the other defendants to artificially inflate the North Alabama Assets' income. Complaint, ¶¶76-80. The defendant, as the party removing the action to federal court, has the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *see also Shamrock Oil v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Diaz,* 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997). The Eleventh Circuit has stated that if there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court. *Triggs*, 154 F.3d at 1287. The court emphasizes in *Triggs* that the plaintiff need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate. The court is mindful that defendant HCA, Inc. argues to this court Galen was fraudulently joined.

The court notes the inherent contradiction between the defendants' position before this court, and their representations to the Tennessee court that the arbitration agreement must be enforced against Galen. The Tennessee Court, in a well-reasoned opinion, states "Galen filed the above-captioned matter on May 3, 2002, seeking for this Court to declare that Coffee Health Group must arbitrate all of its claims against HCA, Galen and any other related entity." May 30, 2002 Tennessee Chancery Court Memorandum and Order, at 3. That court then states, "[i]t is undisputed that the controversy between HCA, Galen and Coffee Health Group is a claim and controversy arising out of and in connection with the APA .... The Court is persuaded by that case law and by the facts that the claims against Galen as stated in Coffee's pleadings arise under the APA and are an integral part and virtually inseparable from those claims made against HCA, Inc. such that Galen is a proper party to compel arbitration." *Id.* at 4. Clearly, in the Tennessee action, defendants seek to force the plaintiff to arbitrate its claims against Galen. As such, this court finds defendants' argument to this court that the plaintiff fails to state any claim against Galen, and therefore Galen was fraudulently joined, is spurious.[7]

---

[7]The defendants filed their litigation in the Tennessee state court on May 3, 2002, seeking to enforce the arbitration agreement for plaintiff's claims against Galen. The court notes that defendant HCA, Inc. filed its motion to arbitrate in the United States District Court for the Northern District of Georgia on diversity grounds. That court recognized in its memorandum opinion that it could not reach plaintiff's claims against Galen. The court noted that it did not have Galen before it as a party, and that such a joinder would have destroyed diversity

Finding that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. sections 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

The court next considers plaintiff's argument that its May 8, 2002 amendment to the complaint stating a federal cause of action cures this jurisdictional defect.

---

jurisdiction, as Galen is not diverse from the plaintiff. That court also found that "Galen Medical Corporation ("Galen") owned and operated the three hospitals purchased by Coffee Health Group pursuant to the APA." Order of the United States District Court for the Northern District of Georgia, April 22, 2002, at 2. The defendants next ran to Tennessee state court, and represented to that court that plaintiff's claims against Galen should be arbitrated. *See* Transcript of May 30, 2002 hearing, at 31-32. However, in the hearing before this court on May 30, 2002, defendants disputed this ownership. *Id.*, at 48.

In fact, defendants represented to this court that this court does not have jurisdiction because Galen is a party to this case, in spite of their allegations Galen is fraudulently joined. Transcript of May 30, 2002 hearing, at 36-40. Defendants justify this representation by stating they expected a motion to remand, which was never filed. *Id.* at 36. *See also id.* at 44 ("I mean, your Honor, all I can say is I expected a motion to remand"); and 51 ("So, at the end of the day though, I submit, that there's no way this court is going to have jurisdiction").

This court is of the opinion that defendants' expectation of a motion to remand demonstrates the questionability of their removal. Surely, assuming defendants' notice of removal was meritorious, defendants would not expect plaintiff to file a motion for remand knowing the case was properly before this court, as such filing would be frivolous. In this vein, defense counsel did clarify that defendants were not arguing this court did not have jurisdiction over HCA, Inc. *Id.* at 53. However, the court is still faced with defendants' untenable position that the Tennessee court should rule that plaintiff must arbitrate its claims against Galen, which defendants argue to this court are due to be dismissed. *See e.g.*, defendants' motion to dismiss Galen Medical Carporation (doc. 23).

The plaintiff, assumably trying to salvage jurisdiction in this court despite the lack of diversity, amended its complaint on May 8, 2002 to state RICO claims. Plaintiff stated at the May 30, 2002 hearing that "We filed – after that point in time, since the action was here at their request, we filed a motion – or actually we filed an amendment because there had not been an answer filed, so we had leave to amend, filing the RICO claim making – giving this Court jurisdiction over Galen, as well as the others, under federal question because there was no diversity jurisdiction." Transcript of May 30, 2002 hearing, at 18. The court has thus considered whether the amendment to state a cause of action "arising under" the laws of the United States can salvage jurisdiction. The court having considered the arguments of the parties and the relevant law, finds that it cannot.

Based on a rather thorough review of prior case law on this issue, the court finds the cases draw two important distinctions. The first of these is the distinction between curing defects in the removal procedure verses curing defects in jurisdiction itself. The second distinction is when in the case the question of jurisdiction arises – pre- or post-judgment. Thus, in *Herrick Co., v. SCS Communications, Inc.*, 251 F.3d 315, 329-30 (2nd Cir.2001), the Second Circuit reasoned that if diversity jurisdiction exists all along (but for poor pleading), an amendment to assert necessary facts is permissible. However, an amendment cannot cure jurisdiction when the underlying facts are not sufficient to support

13

federal jurisdiction at the time the complaint is filed. But, if at the time judgment is entered, federal jurisdiction exists, then the initial failure of diversity jurisdiction is considered "cured." *Id.*, citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 64, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Similarly, the *Herrick* Court recognized that in *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), federal jurisdiction existed all along. The issue in *Grubbs* was whether the removal procedure was defective. *See Herrick,* 251 F.3d at 332. The Supreme Court stated that "longstanding decisions of this court make clear ... that where after removal a case is tried on the merits without objection and the federal court enters judgment, **the issue ... on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court** (emphasis added)." *Grubbs,* 405 U.S. at 702, 92 S.Ct. at 1347.

Similarly, the Eighth Circuit Court of Appeals examined this question in *In re Atlas Van Lines*, 209 F.3d 1064, 1067 (8th Cir.2000). That court concluded that, concerning defects in the removal process, an amended complaint supercedes an original complaint and renders the original complaint without legal effect – thus, where plaintiff has filed an amended complaint, the court must consider jurisdiction by examining the face of the amended complaint. *Id.* Nothing in this case extends its holding to defects in jurisdiction.

Similarly, in *Avitts v. Amoco Production Co.*, 111 F.3d 30 (5th Cir. 1997), the court states that the propriety of defendant's removal is determined based on the complaint at the time the petition for removal was filed. If that is the point at which the propriety of defendant's removal is determined, then that is also the point at which the court must have jurisdiction. *See also New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492 (3rd Cir.1996) (noting that, in diversity cases, "it is the initial jurisdiction over the case that provides the constitutional power for the court to continue to hear it").[8]

The court has also considered *Vector Research v. Howard & Howard*, 76 F.3d 692 (6th Cir.1996), on which the plaintiff relies. The court finds the factual basis of the case limits its usefulness as precedent. Jurisdiction in that case was based on the fact that the defendant attorneys claimed the action for which they were sued was taken by the federal marshals, and hence, jurisdiction was founded on 28 U.S.C. § 1356, which has to do with seizures. Rather than determining whether the court had jurisdiction over this statute, the court said the plaintiffs' addition of a *Bivens* claim after removal definitely created jurisdiction. *See Vector Research*, 76 F.3d at 697 n. 3.

---

[8]The court in *New Rock* notes that "[f]rom the outset, the underlying concern of the time of filing rule was the risk that parties would deploy procedural tactics to manipulate federal jurisdiction." 101 F.3d at 1503.

The plaintiff also relies on *Brough v. United Steelworkers of America*, 437 F.2d 748 (1st Cir.1971), which states that to confer removal jurisdiction on the federal courts, it must appear on the face of the complaint that resolution of the case depends on a federal question. In that case, the original complaint was not removable. Plaintiff filed a motion to remand, which the court denied. Plaintiff thereafter amended the complaint to add a federal claim, which the court found to cure the defect in jurisdiction. The court held the decision to amend was a waiver of any objection to the denial of remand. Unlike that case, this court never considered a motion to remand.

Lastly, plaintiff relies on *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995), where the court held that, when case is improperly removed, but tried to judgment without objection, a party waives the right to later raise the issue of lack of subject matter jurisdiction at the time of removal if the case could have been brought initially in the district court. The court notes the question of jurisdiction in *Tolton* concerned removal procedure, not a lack of jurisdiction. At note 2 in that case, the Sixth Circuit observed that by adding an ERISA claim after removal, the amendment to the complaint after removal cured a jurisdictional defect, citing solely *Brough, supra. Tolton,* 48 F.3d at 941.

Clearly, the cases holding that a failure to object to jurisdiction prior to judgment being entered waives any such objection are based on 29 U.S.C. §

1447(c), which states "[i]f, at any time **before final judgment** it appears that the district court lacks subject matter jurisdiction, the case shall be remanded (emphasis added)." In reliance on § 1447(c), the court in *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) found that where amendment after removal provided the sole federal question, the court, in finding that the original complaint did not present a federal question, found that removal was improper, thus dissolving its jurisdiction to rule on the federal question. Because the court lacked jurisdiction at the time the removal was filed, there was not jurisdiction to allow the later amendment adding a federal cause of action. *Libhart*, 592 F.2d at 1065. Even though the added cause of action would have justified removal if it had been made in state court, it could not confer removal jurisdiction on the court. "In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." *Libhart, id.,* citing *Great N. Ry. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). The *Libhart* court distinguished *Grubbs* on the basis that here, the case had not yet proceeded to final judgment. *See Libhart,* 592 F.2d at 1066, citing *Grubbs*.

Courts have also stated that for diversity jurisdiction, the amount in controversy is based on the pleadings at the time of removal, and that the diversity requirement is based on the date the complaint is filed. Post-removal events

cannot affect jurisdiction on either of these bases. *See e.g. Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir.2000) (stating jurisdiction is determined as of the instant of removal), citing *St. Paul, supra. See also Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1290 (11th Cir.2000) (Courts are prohibited from relying on post-removal events to determine subject matter jurisdiction); *Bank One Texas National Asso. v. Morrison*, 26 F.3d 544, 547 (5th Cir.1994) (holding that jurisdiction is determined at the moment of removal).

Having considered the above cases, as well as the memoranda of the parties on this issue, the court concludes this case is not properly before it because diversity never existed. Hence, jurisdiction here is improper, and cannot be "cured" by an after removal amendment to the pleadings.[9]

## Conclusion

The court having considered the foregoing and finding that this case has been improvidently removed, and that such improvident removal cannot be "cured" by later amendment, the court shall, by separate Order, remand this case to the Circuit Court of Lauderdale County, Alabama, from which it was improvidently removed. All previous Orders of this court, including the stay of

---

[9]The court does note that plaintiff has argued to this court that Galen is an indispensable party, thus destroying diversity, but also failed to ask this court to remand the case. In fact, plaintiff agrees that this court does not have jurisdiction based on diversity. *See e.g.* transcript of May 30, 2002 hearing at 61 and 63 ("And we knew that there was no jurisdiction at the time, but the parties were here, and there hadn't been any challenge by the defendants to jurisdiction").

these proceedings against defendant HCA, Inc., are therefore void and of no effect.

The court has also considered defendant HCA, Inc.'s removal to this court on the theory of fraudulent joinder of Galen while representing to the court in Tennessee that the plaintiff should have to mediate these "fraudulent" claims against Galen. This court will not tolerate such judge-shopping, forum shopping, and bad faith pleadings. This court recognizes it only has the authority to sanction defendants' conduct for the actions in this court. As such, the court shall, by separate Order, require defendants to reimburse plaintiff for all attorney fees, costs, and expenses incurred by plaintiff while this litigation was pending before this court. The plaintiff will be allowed fourteen (14) days to submit its costs and fees to this court for approval. The defendants will be allowed seven (7) days thereafter to submit any objection they may have. The court shall reserve the issue of whether further sanctions for violations of Rule 11, Federal Rules of Civil Procedure, should be imposed against defendants pending receipt of plaintiff's costs and fees and defendants' objections thereto.[10] The court specifically retains

---

[10] Rule 11(b), Fed.R.Civ.Pro., states that by "presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, – (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law ... (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information."

jurisdiction for the express purpose of determining fees, costs and sanctions. The court shall leave the pending motions for the state court to determine.

**DONE** and **ORDERED** this the ___7___ day of June, 2002.

                                              INGE P. JOHNSON
                                              UNITED STATES DISTRICT JUDGE

---

    Rule 11(c), Fed.R.Civ.Pro., states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

    28 U.S.C. § 1447(c) states that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."